GARY M. RESTAINO
United States Attorney
District of Arizona

PATRICK E. CHAPMAN
Arizona State Bar No. 025407
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: Patrick.Chapman@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Ricardo Hernandez,<br><br>Defendant. | No. CR-22-00998-02-PHX-SPL<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE** |

The United States recommends that the Court sentence the defendant to ten months of imprisonment, consistent with the Presentence Report (PSR). The United States opposes the defendant's requested variance to probation.

## I.      FACTS

Between March 28, 2022 and May 26, 2022, codefendant Felimon Alvarez-Olivares and others conspired to straw purchase and sell firearms. (PSR at ¶ 8.) Specifically, Alvarez-Olivares would recruit others to purchase firearms, transfer them to him, and he would later resell them. (*Id*.) Alvarez-Olivares typically provided purchase money and directions for the straw purchases. (*Id*.) The defendant, Ricardo Hernandez, was one of several people straw purchasing firearms on his codefendant's behalf. (*Id*.)

On April 6, 2022, the defendant purchased a Glock 17 with serial number BVTB603 and Glock 19 with serial number BWSU747. (*Id*. at ¶ 16.) Twenty days later, Alvarez-Olivares sold the firearms, amongst others, to an undercover ATF agent. (*Id*. at ¶ 11.)

Further investigation revealed that the defendant purchased two additional Glock 19s on May 4, 2022, as well as an FN USA Scar 17s .308 rifle on May 26, 2022. (*Id*. at ¶ 19.) Notably, the Glock 19s were recovered by Phoenix Police and DPS at two different scenes in June of 2022. The FN rifle remains outstanding.

On June 17, 2022, agents interviewed the defendant after researching the original purchasers associated with the April 26th undercover sale. (*Id*. at ¶ 18.) The defendant admitted to purchasing approximately twenty firearms, stating he sold them all through private sales. (*Id*.) The defendant later told agents that he purchased seven to ten firearms for Alvarez-Olivares. (Bates 043.) Regarding the private sales, the defendant said that he advertised one firearm for sale online, and Alvarez-Olivares located buyers for the remainder. (PSR at ¶ 18.) The defendant admitted that his May 4th and May 26th firearm purchases were for Alvarez-Olivares. (*Id.* at ¶ 19.) The defendant also admitted to being paid $150 per firearm and $300 for the FN rifle. (*Id*. at ¶ 18-19.)

## II.     PRESENTENCE REPORT GUIDELINES CALCULATION

The United States agrees with the PSR's guidelines calculation of Level 12, Criminal History Category I, and 10–16 months of imprisonment, following adjustments for the number of firearms and acceptance of responsibility. (*Id*. at ¶ 28, 34.) The PSR recommends a sentence of ten months of imprisonment. (*Id*. at p. 14.)

## III.    ANALYSIS

The United States agrees with the PSR's recommendation for ten months' imprisonment and requests that the Court sentence the defendant accordingly. This recommendation is appropriate for several reasons. First, the defendant's conduct in this offense warrants such a sentence. The defendant is responsible for purchasing multiple firearms on his codefendant's behalf. Law enforcement has recovered four of these firearms, with a maximum time-to-crime of just forty-seven days. While the defendant was somewhat insulated from his codefendant's subsequent transfers, he recklessly disregarded the probability that the firearms he purchased would be used for illicit purposes. Law

abiding people do not pay premiums to purchase firearms they could otherwise purchase legally.

Second, the government's recommended sentence avoids unwarranted sentencing disparities. According to the Judiciary Sentencing Information (JSIN), from 2017 to 2021, there were 993 defendants who were sentenced under USSG § 2K2.1 with a Total Offense Level of 12 and Criminal History Category of I. (*See* https://jsin.ussc.gov/analytics/saw.dll?Dashboard.) Of those 993, 711 (or 72%) were sentenced to prison, for an average length of nine months and median length of ten months. (*Id*.) Thus, the government's recommended sentence appropriately weighs the defendant's conduct when compared to the sentences of similarly situated defendants.

## IV.    CONCLUSION

The defendant transferred multiple firearms to his codefendant under circumstances that would alert an average person to illicit activity. Unsurprisingly, law enforcement later recovered the firearms at various crime scenes. The defendant's conduct – while admittedly less than some straw purchasers in the district – is the reason why straw purchasing laws exist. Accordingly, the United States recommends that the Court sentence the defendant to ten months of imprisonment and opposes the defendant's requested variance.

Respectfully submitted this 23rd day of May, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

 *s/ Patrick E. Chapman*
PATRICK E. CHAPMAN
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the foregoing date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

*Mark Rumold, Attorney for Defendant*

*/s/ C. Covington*
U.S. Attorney's Office