GARY M. RESTAINO
United States Attorney
District of Arizona

PATRICK E. CHAPMAN
Arizona State Bar No. 025407
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: Patrick.Chapman@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-22-00998-02-PHX-SPL |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' AMENDED RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE** |
| Ricardo Hernandez, | |
| Defendant. | |

The United States recommends that the Court sentence the defendant to thirty-six months of probation, consistent with the plea agreement and the defendant's recommendation. The United States further requests that the Court not consider Document 49, which was filed in error.

## I.     FACTS

Between March 28, 2022 and May 26, 2022, codefendant Felimon Alvarez-Olivares and others conspired to straw purchase and sell firearms. (PSR at ¶ 8.) Specifically, Alvarez-Olivares would recruit others to purchase firearms, transfer them to him, and he would later resell them. (*Id*.) Alvarez-Olivares typically provided purchase money and directions for the straw purchases. (*Id*.) The defendant, Ricardo Hernandez, was one of several people straw purchasing firearms on his codefendant's behalf. (*Id*.)

On April 6, 2022, the defendant purchased a Glock 17 with serial number BVTB603 and Glock 19 with serial number BWSU747. (*Id*. at ¶ 16.) Twenty days later, Alvarez-

Olivares sold the firearms, amongst others, to an undercover ATF agent. (*Id*. at ¶ 11.) Further investigation revealed that the defendant purchased two additional Glock 19s on May 4, 2022, as well as an FN USA Scar 17s .308 rifle on May 26, 2022. (*Id*. at ¶ 19.) Notably, the Glock 19s were recovered by Phoenix Police and DPS at two different scenes in June of 2022. The FN rifle remains outstanding.

On June 17, 2022, agents interviewed the defendant after researching the original purchasers associated with the April 26th undercover sale. (*Id*. at ¶ 18.) The defendant admitted to purchasing approximately twenty firearms, stating he sold them all through private sales. (*Id*.) The defendant later told agents that he purchased seven-to-ten firearms for Alvarez-Olivares. (Bates 043.) Regarding the private sales, the defendant said that he advertised one firearm for sale online, and Alvarez-Olivares located buyers for the remainder. (PSR at ¶ 18.) The defendant admitted that his May 4th and May 26th firearm purchases were for Alvarez-Olivares. (*Id.* at ¶ 19.) The defendant also admitted to being paid $150 per firearm and $300 for the FN rifle. (*Id*. at ¶ 18-19.)

## II.    PRESENTENCE REPORT GUIDELINES CALCULATION

The United States agrees with the PSR's guidelines calculation of Level 12, Criminal History Category I, and 10–16 months of imprisonment, following adjustments for the number of firearms and acceptance of responsibility. (*Id*. at ¶ 28, 34.) The PSR recommends a sentence of ten months of imprisonment. (*Id*. at p. 14.)

## III.    ANALYSIS

The United States recommends that the Court sentence the defendant to thirty-six months of probation. This recommendation is appropriate for several reasons. First, the defendant's conduct in this offense warrants a probation sentence. Importantly, the defendant was not a target of the original investigation. Rather, agents focused on codefendant Alvarez-Olivares, who was actively involved in recruiting straw purchasers and trafficking in firearms. It was only after Alvarez-Olivares sold firearms to undercover agents that the defendant's limited involvement was discovered. Other straw purchasers

involved in the same transaction were not prosecuted and instead were issued warning letters.

Second, despite his limited involvement, the defendant was forthright and honest with agents, and likely overstated his participation. Although the defendant admitted to purchasing twenty and later seven-to-ten firearms for Alvarez-Olivares, agents were only able to locate the five purchases mentioned above.

The United States further agrees with the personal circumstances laid out in the defendant's Sentencing Memorandum.

## IV.    CONCLUSION

The defendant transferred multiple firearms to his codefendant under circumstances that should have alerted him to illicit activity. The defendant will now live with the impairments of a felony conviction. For the reasons set forth above, the United States recommends a sentence of probation. Such a sentence will punish the defendant for the instant conduct and minimize sentencing disparities compared to those who were not prosecuted for similar conduct.

Respectfully submitted this 23rd day of May, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

  s/ Patrick E. Chapman
PATRICK E. CHAPMAN
Assistant U.S. Attorney

- 3 -

**CERTIFICATE OF SERVICE**

I hereby certify that on the foregoing date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

*Mark Rumold, Attorney for Defendant*

*/s/ C. Covington*
U.S. Attorney's Office